**OTTENHEIMER BROS., Inc., v. LIBUWITZ.**

No. 1983.

District Court, D. Maryland.

April 22, 1936.

S. E. Darby, Jr., of New York City, and Emanuel Ottenheimer, of Baltimore, Md., for plaintiff.

Edwin S. Clarkson, of Washington, D. C., and John Watson, Jr., of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This case relates to reissue patent No. 16,941, issued April 24, 1928, to R. E. Ottenheimer, for a refrigerating showcase provided with means for illuminating its interior. The object of the patent is to provide a show case for perishable foods, wherein they may be displayed so as to catch the eye of the customer, and at the same time the merchandise may be protected from dust and germs and by refrigeration kept wholesome and suitable for consumption.

The defendant is alleged to infringe the patent through its sales of a refrigerating case, not of its own manufacture, but the product of C. V. Hill & Co., Inc., of Trenton, N. J., large manufacturers of display showcases.

The patent embraces fourteen claims, but only seven of them, to wit, Nos. 1, 4, 9, 11, 12, 13, and 14, are involved in the present proceeding; the plaintiffs having waived any assertion of infringement by the defendant of the remaining claims, as a result of the decision of the Circuit Court of Appeals when this suit came before that court on appeal [74 F.(2d) 858, 863] from a decision of this court [Ottenheimer Bros. v. Lebuwitz, 5 F.Supp. 205].

In the original proceeding, in which was also involved another patent, with which we are not concerned, this court decided that two of the claims of the Ottenheimer patent now in controversy, to wit, claims Nos. 1 and 11, were invalid because too broad, and that the remaining claims now in suit, as well as others not now in suit, were not infringed by defendant's device.

On appeal the Circuit Court of Appeals reversed this court's decision as to the Ottenheimer patent and remanded the case for further proceedings, stating:

"The evidence offered by the plaintiffs with reference to the Ottenheimer patent consisted only of the explanation thereof, together with descriptions of the refrigerating case constructed in compliance therewith, and of the refrigerating case of the defendant alleged to infringe. At the conclusion of the prima facie case thus made out, the District Judge announced his conviction that infringement of the patent had not been shown, except as to claims 1 and 11, and that these claims are invalid because they are so broad that they do not respond to the specifications and do not describe a device operable without the specific elements named in the other claims. No occasion arose, therefore, for the defendant to produce any evidence as to the prior art or to prove the allegations of the answer in which it was asserted that the patent was void because of certain prior patents and publications therein listed; and no further evidence was taken on either side. * * *

"There is much ground in the record before us, as we have already indicated, for the conclusion of the District Judge, in so far as the claims including one or both of the baffles as an element are concerned, that infringement was not proven, the defendant's structure lacking this feature. We are not convinced, however, that there has been no infringement of the claims which omit all mention of the baffles and

of the maintenance of an inert body of air below the lights, and describe, as one of the elements in the combination, a light transmitting partition separating the lights from the display chamber, for it seems that the double globes in the defendant's structure performed the equivalent function in much the same way. Nor are we satisfied that the invalidity of claims 1 and 11 or the validity of the remaining claims in suit has been made out. We mean to express no final conclusion as to any questions of validity or infringement arising under this patent, for they cannot be answered with certainty, involving, as they do, an interpretation of the claims, without a consideration of the prior patents and publications. Reference to these is made in the defendant's answer and to some extent in the defendant's brief, but as they are not included in the record, and were not presented to the District Court, we may not consider them here. The conclusion we have reached, however, makes it necessary that the case be sent back in order that both parties may have a full opportunity to present evidence bearing on all the issues involved in this patent, none of which are foreclosed by anything said in this opinion upon the Ottenheimer patent."

As a result of the appellate court's decision, the plaintiff, as already indicated, has abandoned any charge of infringement with respect to all such claims as involve one or both of the so-called baffles. As clearly appears from that portion of the Circuit Court of Appeals opinion just quoted, both parties were entitled to, and have been accorded in this second hearing, full opportunity for a complete rehearing upon all the issues involved, to wit, on the issue of infringement, as well as validity. Nevertheless, since the question of baffles is now removed from litigation, and since the illuminating feature in combination with the other features of ·the patented case has become the sole element around which infringement may be, or in fact is with any force said to revolve, the appellate court has, it would seem, very definitely indicated the manner in which the question of infringement thus narrowed should be treated, namely, that there has been infringement by the defendant; for, to requote part of what has already been taken from the Circuit Court of Appeals opinion, that court said: "We are not convinced, however, that there has been

no infringement of the claims which omit all mention of the baffles and of the maintenance of an inert body of air below the lights, and describe, as one of the elements in the combination, a light transmitting partition separating the lights from the display chamber, *for it seems that the double globes in the defendant's structure performed the equivalent function in much the same way.*" (Italics inserted.)

In any event, and in conformity with the direction of the appellate court, the case has been heard de novo on the question of infringement, and we conclude that, with the baffle element not involved, the defendant's structure, for the reasons given by the Circuit Court of Appeals, is a substantial equivalent of plaintiff's structure, and therefore infringes.

Of the seven claims now in controversy, claims 1, 9, and 12 are said to be typical; the first being broad and the other two more restricted. They are as follows:

"1. The combination of a display case having a wide bottom, a top defined by a narrow frame structure, and an inclined transparent front sustained at its upper edge by said frame structure; artificial lighting means concealed within the top of said frame structure; and refrigerating means arranged to exert a localized refrigerating effect in the lower portion of said case."

"9. The combination of a display case; artificial lighting means mounted in the top of said case; a translucent panel mounted within said case and isolating said lighting means from the main interior portion of said case; ventilating means for discharging heated air from said lighting means; and refrigerating means serving to produce an air circulation in said case."

"12. The combination of a display case having a wide bottom, a top defined by a relatively narrow frame structure, and an inclined transparent front sustained at its upper edge by said frame structure; artificial lighting means housed within said frame structure; a light transmitting partition retarding the flow of heat from said lighting means to the lower portion of said case; and refrigerating means operative in the lower portion of said case."

We therefore now turn to the sole remaining question in the present case, namely, whether the seven claims relied upon by plaintiff are valid. The history

of the art discloses that prior to plaintiff's device, the following devices were known: Display cases with refrigeration, but no illuminating feature, as exemplified by another patent to the present plaintiff, No. 1,390,812; display cases with no refrigeration, but with lights, which, however, were not isolated or separated from the display chamber; see patent to Petz, No. 634,701; display cases with refrigeration, and also with the illuminating feature, but with no isolation or insulation of the latter; see patent to Kroenke, No. 919,030; and display cases with insulated and concealed lights, but no refrigeration feature; see patent to Spencer, No. 1,700,-498.

It is uncontradicted that although the aforementioned devices were known to the art, ·nevertheless, prior to the plaintiff's structure, which Mr. Ottenheimer first began to use or to sell in 1925, no one had ever constructed a like combination embodying all of the same elements. This, then, is the basis of plaintiff's contention, to wit, that its device is patentable in that it represents not merely an aggregation of old elements, but a combination of old elements, producing new and useful results. In support of the utility of this type of illuminated case, plaintiff has introduced testimony to the effect that since 1925, when it was first sold, until 1932, when the present suit was filed, gross sales have amounted to approximately $3,320,000, and that in 1929, as a result of the placing on the market of this illuminated case, nonilluminated cases, for which there had theretofore been considerable sale, were completely abandoned. In addition, it is uncontradicted that the plaintiff has, at the present time, nine licensees who have been paying substantial royalties upon plaintiff's patented structure.

■ It is conceded that the presumption in favor of the validity of a patent is aided by evidence of its commercial success, and that the fact that those in the trade have paid substantial sums for licenses to the patentee is entitled to considerable weight. However, we reach the conclusion that when the patent is considered apart from the claims which embrace the baffles, and which are not here involved, it fails to embrace such a combination of old elements as entitle it to the dignity of a patentable invention.

[2] The law of combinations in the patent field may thus be defined: A mere aggregation of old elements is not patentable, but a combination of them may be, provided the combination accomplishes some new result. The rule is clearly stated in Richards v. Chase Elevator Company, 158 U.S. 299, at page 302, 15 S.Ct. 831, 833, 39 L.Ed. 991: "Unless the combination accomplishes some new result, the mere multiplicity of elements does not make it patentable. So long as each element performs some old and well-known function, the result is not a patentable combination, but an aggregation of elements."

■ We do not find anything in the opinion of the Circuit Court of Appeals declaratory of the fact that the scope of the claims now in suit is not fully open for review by this court. Such being the case, we conclude that the patentability of plaintiff's device can only be saved by inclusion of one or more of the baffles, which form an essential element of the claims which are not here under consideration. Deprived of this feature, we believe that it is straining too much the law of patentable combination to say that by merely placing electric lighting fixtures in a concealed and insulated manner, long known and used in the art, in commonly used display refrigerating cases, such cases become converted into a new and patentable article. Of course, the question is: What do we mean by the accomplishment of "a new result," as that phrase is used in the opinion of the Supreme Court in the Richards Case just quoted, and in other similar cases?

The control of the circulation of the cold air in the showcase, which is definitely affected by the baffles in the other claims of the patent, has the characteristic of novelty—certainly when in combination with the other elements. But this court is not satisfied, nor does it know of any reported case which has gone so far as to say that the mere combination of units such as those in the Ottenheimer patent so common in separate use, and which, in fact, had been commonly used in combination with each other, with the single exception of combining the insulation feature around or under the lights, which, however, was itself equally well-known, rises to the dignity of patentable invention. If this be true, then there would seem to be no limit to the application of the rule, and the distinction between aggregation and combination, which must be recognized, would be destroyed.

It is realized that if we take literally such statement of the rule as has already been quoted and apply it to the facts in the present case, at first blush it would seem to support the validity of the claims in suit. But that is not believed to be enough. Any general rule covering a situation of this kind must necessarily be broad, and we must analyze what is the result that is accomplished. The law is that the result must be new. Whether it is new in any particular case depends upon many factors which may be peculiar to the particular case and nonexistent in every other case—nonexistent certainly in the same relationship one to the other.

Therefore, it would be futile to attempt by a mere analogy of decided cases to determine on which side the present case falls. The question here is more practical than that. Prior decisions are no more than a general guide.

Thus, to summarize again what has been said, I am unable to bring myself to believe that it is a new result, such as entitles the device accomplishing it to a patent, merely to shut off the heat of artificial light, by a common and long-used insulating means, from a chamber of cold air, when exactly the same thing had been accomplished with respect to a chamber of air at more normal temperatures. That is all the device in suit accomplishes, and if that be true, such fundamental lack of novelty overcomes the prima facie presumption that novelty exists, which arises from the utility and commercial success of the device.

I will sign a decree in accordance with this opinion, declaring claims 1, 4, 9, 11, 12, 13, and 14 of the Ottenheimer patent to have been infringed by defendant, but void for lack of invention in view of the prior art.